**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD ENGRAM,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 05-_____ |
| | : | |
| CITY OF PHILADELPHIA; | : | JURY TRIAL DEMANDED |
| PRISON HEALTH SERVICES, INC.; | : | |
| DR. LIDIA E. PETERS; | : | |
| DR. RICHARD HELLENDAR; | : | |
| DR. BENJAMIN CAOILE; | : | |
| DR. BAND; | : | |
| DR. KELLY; | : | |
| DR. HAND; | : | |
| PHYSICIAN ASSISTANT A. BUTLER; | : | |
| PHYSICIAN ASSISTANT MAI; | : | |
| PHYSICIAN ASSISTANT HADI; and | : | |
| WANDA (last name unknown); | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

**I.   PRELIMINARY STATEMENT**

1.   This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the defendants' deliberate indifference to plaintiff's documented and urgent need for appropriate follow-up orthopedic care for a fractured left elbow while plaintiff was in the custody of the Philadelphia Prison System.  As a result of defendants' actions and inactions, which caused plaintiff's fracture to heal improperly, plaintiff now suffers from a chronic elbow dislocation, or a "frozen elbow," which severely limits his range of motion.  Plaintiff now seeks damages for the substantial pain he suffers as a result of his chronic elbow

dislocation and for the extensive medical care, including surgery and rehabilitation, now required to correct the condition.

## II.     JURISDICTION

2.     This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

## III.    PARTIES

3.     Plaintiff Richard Engram, who is 22 years old, was at all times relevant to this Complaint a resident of Philadelphia, Pennsylvania.  Plaintiff is not incarcerated.

4.     Defendant City of Philadelphia is a municipality in the Commonwealth of Pennsylvania which manages and oversees the Philadelphia Prison System including the Curran-Fromhold Correctional Facility, 7901 State Road, Philadelphia, PA 19136.

5.     Defendant Prison Health Services, Inc. ("PHS") is a corporation which regularly conducts business in Philadelphia, Pennsylvania, and which has a principal place of business in Nashville, Tennessee.  Defendant PHS is the holder of a contract to provide all medical services to inmates in the Philadelphia Prison System.

6.     At all times relevant to this Complaint, defendant Dr. Lidia E. Peters was employed as a medical professional by defendant PHS and defendant City of Philadelphia working in the Philadelphia Prison System.

7.     At all times relevant to this Complaint, defendant Dr. Richard Hellendar was employed as a medical professional by defendant PHS and defendant City of Philadelphia working in the Philadelphia Prison System.

8. At all times relevant to this Complaint, defendant Dr. Benjamin Caoile was employed as a medical professional by defendant PHS and defendant City of Philadelphia working in the Philadelphia Prison System.

9. At all times relevant to this Complaint, defendant Dr. Band was employed as a medical professional by defendant PHS and defendant City of Philadelphia working in the Philadelphia Prison System.

10. At all times relevant to this Complaint, defendant Dr. Kelly was employed as a medical professional by defendant PHS and defendant City of Philadelphia working in the Philadelphia Prison System.

11. At all times relevant to this Complaint, defendant Dr. Hand was employed as a medical professional by defendant PHS and defendant City of Philadelphia working in the Philadelphia Prison System.

12. At all times relevant to this Complaint, defendant Physician Assistant A. Butler was employed as a medical professional by defendant PHS and defendant City of Philadelphia working in the Philadelphia Prison System.

13. At all times relevant to this Complaint, defendant Physician Assistant Mai was employed as a medical professional by defendant PHS and defendant City of Philadelphia working in the Philadelphia Prison System.

14. At all times relevant to this Complaint, defendant Physician Assistant Hadi was employed as a medical professional by defendant PHS and defendant City of Philadelphia working in the Philadelphia Prison System.

15. At all times relevant to this Complaint, defendant Wanda (last name unknown) was employed as a medical professional by defendant PHS and defendant City of Philadelphia working in the Philadelphia Prison System.

16. At all times relevant to this Complaint, all defendants acted under color of state law.

17. At all times relevant to the Complaint defendants Peters, Hellendar, Caoile, Band, Kelly, Hand, Butler, Mai, Hadi, and Wanda (last name unknown) (hereinafter referred to collectively as "individual defendants") were acting as agents, servants, and/or employees of defendant City of Philadelphia and/or defendant PHS, and were acting within the scope and course of their employment, and under the direct control and supervision of defendant City of Philadelphia and/or defendant PHS.

## IV.   FACTUAL ALLEGATIONS

18. In June 2003 Plaintiff Richard Engram was incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), 7901 State Road, Philadelphia, PA 19136 in the Philadelphia Prison System.

19. Prison medical professionals conducted a medical screening of plaintiff on June 3, 2003 and found no indication of restricted mobility.

20. On July 7, 2003 plaintiff slipped on wet pavement while playing basketball on prison grounds. Plaintiff attempted to brace his fall with his left arm; the resulting impact with the ground injured plaintiff's left wrist and elbow.

21. Plaintiff was evaluated by prison medical professionals including defendant Peters. X-rays showed that plaintiff had suffered a fractured left elbow. Plaintiff was transferred to the Frankford Hospital Emergency Room for treatment.

22. At the Frankford Hospital Emergency Room plaintiff was treated by Dr. Sydney Schneidman who diagnosed plaintiff with a closed radial head fracture. Dr. Schneidman placed plaintiff's left elbow in a soft splint, prescribed pain medication, and instructed plaintiff that he should receive follow-up care from an orthopedist in 3-4 days.

23. The instructions for plaintiff's follow-up care were given orally to plaintiff as well as the corrections officer(s) who escorted plaintiff to the hospital. Written aftercare instructions with this information regarding follow-up care were also provided. When the plaintiff returned to CFCF, these instructions were documented in plaintiff's prison medical chart maintained by defendants.

24. Notwithstanding these follow-up instructions, defendants did not provide plaintiff with follow-up care with an orthopedist until approximately August 15, 2003, six weeks after he suffered the injury.

25. At no time between July 7, 2003 and August, 15, 2003, did any of the individual defendants, or any other employee of defendant PHS or defendant City of Philadelphia, take steps to ensure that plaintiff would receive necessary follow-up care with an orthopedist for his fractured left elbow.

26. On July 9, 2003, defendant Peters filed an Outpatient Referral Request for plaintiff, marked "Urgent." On the form, defendant Peters indicated that plaintiff had been seen by defendant Band and that plaintiff needed a follow-up appointment with an orthopedist.

27. On July 9, 2003 a Patient Referral Request was also filed for plaintiff. The form stated that plaintiff's x-ray had been seen by defendant Band and that plaintiff needed to see an orthopedist.

28. Between July 9, 2003, and August 15, 2003, on several occasions, plaintiff requested that defendants provide him with follow-up treatment.

29. Between July 9, 2003, and August 15, 2003, defendant Peters saw plaintiff on at least two occasions and noted that plaintiff would require a follow-up visit with an orthopedic specialist. Defendant Peters, with deliberate indifference, failed to take steps to ensure that plaintiff would receive the necessary follow-up treatment with an orthopedic specialist.

30. Between July 9, 2003, and August 15, 2003, plaintiff was seen by defendants Butler and Mai, who provided him with pain medication. Both defendant Butler and Mai, with deliberate indifference, failed to take steps to ensure that plaintiff would receive the necessary follow-up treatment with an orthopedic specialist.

31. Between July 9, 2003, and August 15, 203, defendants Hellendar, Caoile, Band, Kelly, Hand, Hadi, and Wanda (last name unknown), were on notice that plaintiff required follow-up treatment with an orthopedic specialist, but these defendants, with deliberate indifference, failed to take steps to ensure that plaintiff would receive the necessary follow-up treatment with an orthopedic specialist.

32. On or about August 15, 2003, plaintiff was seen by an orthopedist. By this time, however, as a direct and proximate result of the defendants' actions and inactions, considerable damage had occurred to plaintiff's left elbow, and plaintiff was diagnosed with chronic elbow fracture dislocation.

33. In light of their knowledge of plaintiff's condition and the need for follow-up treatment with an orthopedic specialist, and in accordance with generally accepted standards of medical care, all defendants should have taken steps to ensure that plaintiff receive the necessary follow-up care with an orthopedist for his left elbow.

34. At all times relevant to this Complaint, defendants PHS and City of Philadelphia, with deliberate indifference, failed to develop and implement policies, practices, and procedures to ensure that plaintiff would receive proper follow-up care for his elbow fracture.

35. The harms suffered by plaintiff are the direct and proximate result of the policy, practice, and custom of defendants PHS and City of Philadelphia, of refusing or delaying inmates' necessary treatment with medical specialists, or otherwise interfering with such treatment.

36. At all times relevant to this Complaint, all defendants were deliberately indifferent to the serious medical needs of plaintiff.

37. At all times relevant to the Complaint, the conduct of all defendants, their agents, servants and/or employees, was intentional, willful, reckless, and grossly negligent with respect to plaintiff's rights under federal and state law.

38. Plaintiff's chronic elbow dislocation severely limits plaintiff's range of motion in his left elbow and arm.

39. As a direct and proximate result of defendants' conduct, plaintiff suffered substantial damages, including pain and suffering, embarrassment, emotional distress, and loss of the enjoyment of life.

40. Plaintiff now requires expensive surgery and rehabilitation to restore proper functioning to his left elbow and arm.

## V.   CLAIMS FOR RELIEF

### COUNT I
### Plaintiff v. Individual Defendants
### Federal Constitutional Claims

41.  Defendants Peters, Hellendar, Caoile, Band, Kelly, Hand, Butler, Mai, Hadi, and Wanda (last name unknown) were deliberately indifferent to plaintiff's serious medical needs and thereby violated plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or plaintiff's right to due process of law under the Fourteenth Amendment to the United States Constitution.

### COUNT II
### Plaintiff v. Defendants City of Philadelphia and PHS
### Federal Constitutional Claims

42.  The violations of plaintiff's constitutional rights, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the deliberate indifference of Defendant City of Philadelphia and Defendant PHS to the need for training, supervision, investigation, monitoring, or discipline with respect to the provision of specialist medical care to inmates.

43.  The violations of plaintiff's constitutional rights, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by Defendant City of Philadelphia's and Defendant PHS' encouragement, tolerance, ratification of, and/or deliberate indifference to, policies, practices, and/or customs of refusing, delaying, or otherwise interfering with inmates' necessary treatment with medical specialists.

44.  The violations of plaintiff's constitutional rights, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by Defendant City of Philadelphia's and Defendant PHS' failure, with deliberate indifference, to develop and

8

implement policies, practices, and procedures to ensure that inmates receive proper follow-up medical care or medical care from medical specialists.

## COUNT III
### Plaintiff v. Individual Defendants and PHS
### State Law Negligence Claims

45. The individual defendants had a duty to comply with generally accepted medical standards of care in their medical treatment of plaintiff.

46. These defendants violated their duty of care to plaintiff.

47. These defendants' violations of their duty of care to plaintiff was a direct and proximate cause and a substantial factor in bringing about plaintiff's damages outlined above, and, as a result, defendants are liable to plaintiff.

48. Because the individual defendants were acting as agents, servants, and/or employees of defendant PHS, and were acting within the scope and course of their employment, and under the direct control and supervision of defendant PHS, defendant PHS is liable to plaintiff on the basis of *respondeat superior* liability.

## COUNT IV
### Plaintiff v. All Defendants
### State Constitutional Claims

49. Defendants' conduct violated plaintiff's rights under Article I, § 1 and/or Article I, § 13 of the Pennsylvania Constitution and the laws of the Commonwealth of Pennsylvania.

50. This Court has supplemental jurisdiction to hear and adjudicate these claims.

## REQUESTED RELIEF

**Wherefore**, Plaintiff respectfully requests:

A. Compensatory damages;

B. Punitive damages against the individual defendants and defendant PHS;

C. Reasonable attorneys' fees and costs;

D. Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

_____
David Rudovsky
I.D. No. 15168


_____
Jonathan H. Feinberg
I.D. No. 88227

KAIRYS, RUDOVSKY, EPSTEIN & MESSING
924 Cherry Street, Ste. 500
Philadelphia, PA  19107
215-925-4400
215-925-5365 (fax)
*Counsel for Plaintiff*